IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| **Civil Miscellaneous Action to Enforce a Subpoena Issued in:**<br><br>MAX-PLANCK-GESELLSCHAFT ZUR FÖRDERUNG DER WISSENSCHAFTEN E.V., a corporation organized under the laws of Germany;<br>MAX-PLANCK-INNOVATION GMBH, a corporation organized under the laws of Germany; and ALNYLAM PHARMACEUTICALS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, a Delaware corporation; MASSACHUSETTS INSTITUTE OF TECHNOLOGY, a Massachusetts corporation; and BOARD OF TRUSTEES OF THE UNIVERSITY OF MASSACHUSETTS, a Massachusetts corporation,<br><br>Defendants. | **ORDER GRANTING MOTION TO COMPEL AND DENYING MOTION TO TRANSFER THIS MISCELLANEOUS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**<br><br><br>**Misc. Action No: 2:10mc00008**<br><br>**Judge: Hon. Dee Benson**<br>**Magistrate Judge: David Nuffer**<br><br>Related to:<br>District of Massachusetts<br>Civil Action No.<br>09-CV-11116-PBS |

    The magistrate judge is considering the Motion to Compel Production of Documents

by Dr. Brenda Bass[1] and Motion to Transfer this Miscellaneous Action to the United States

---

[1] Docket no. 1, filed January 5, 2010.

District Court for the District of Massachusetts[2] filed by Defendant Whitehead Institute for Biomedical Research ("Whitehead").

Whitehead's motions relates to a subpoena issued by this court[3] on November 18, 2009 (the "Bass Subpoena") regarding an action now pending in the United States District Court for the District of Massachusetts, *Max-Planck-Gesellschaft Zur Forderung der Wissenschaften E.V. v. Whitehead Institute et. al.*, 09-CV-11116-PBS (the "Main Action").

On January 5, 2010, Whitehead filed its Motion to Compel Production of Documents by Dr. Brenda Bass ("Dr. Bass"), a researcher at the University of Utah, seeking compliance with the Bass Subpoena.  On January 6, 2010, Whitehead moved to transfer this action to the District Court in Massachusetts and filed a supporting memorandum.[4]  Dr. Bass filed her opposition to Whitehead's motion to transfer on January 19, 2010.[5]  Whitehead replied to Dr. Bass's opposition on January 25, 2010.[6]  By contrast, no opposition was filed to the motion to compel, in spite of the fact that the default status of the motion to compel was pointed out in the reply memorandum in support of the motion to transfer.[7]

This is not a case where the deponent has raised any substantive opposition to producing documents.  Instead, the sole dispute between Dr. Bass and Whitehead related to the breadth and application of the Protective Order entered in the Massachusetts court.  The dispute was whether the information Dr. Bass produces shall be designated "confidential" or "highly confidential."  If the latter designation is used, then only outside counsel may see

---

[2] Docket no. 4, filed January 6, 2010.

[3] Attached as part of Exhibit A to Declaration of Christopher M. Morrison ("Morrison Decl."), docket no. 3, filed January 5, 2010.

[4] Docket nos. 4 and 5, filed January 6, 2010.

[5] Docket nos. 7 and 8, filed January 19, 2010.

[6] Reply Memorandum in Support of Motion to Transfer this Miscellaneous Action to the United States District Court for the District of Massachusetts, docket no. 10, filed January 25, 2010.

the Bass documents.[8]

Whitehead's Massachusetts counsel[9] recites events in December 2009 in which Bass's desired protection was at first granted and then denied by the Massachusetts court. Bass's counsel had the opportunity to participate in those proceedings.

In this court Bass has not stated any reason the motion to compel compliance with the subpoena should be granted. She has resisted the motion to transfer, however.[10]

As the court which issued the subpoena, this court must enforce Whitehead's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."[11] Bass, however, has waived any argument in this court against enforcement of the subpoena by failing to respond to Whitehead's Motion to Compel. There is no need to transfer the issues to the court in Massachusetts as no issues remain after compelling compliance, except to further enforce compliance or impose sanctions. Those further actions should occur here, if needed.

---

[7] *Id.* at 2.

[8] Memorandum in Support of Motion to Compel Production of Documents by Dr. Brenda Bass, at 2-4, docket no. 2, filed January 5, 2010.

[9] Morrison Decl. ¶¶ 6-12.

[10] Docket nos. 7 and 8, filed January 19, 2010.

[11] Fed. R. Civ. P. 45(c).

# **ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion to Motion to Compel Production of Documents by Dr. Brenda Bass is GRANTED[12] and that the Motion to Transfer This Miscellaneous Action to the United States District Court for the District of Massachusetts is DENIED.[13]

IT IS FURTHER ORDERED that Dr. Brenda Bass shall produce the information required under the Bass Subpoena at the offices of Salt Lake City counsel for the movant Whitehead Institute on or before February 5, 2010.

DATED this 1st day of February 2010.

BY THE COURT:

_David Nuffer_
David Nuffer
 U.S. Magistrate Judge

---

[12] Docket no. 1, filed January 5, 2010.

[13] Docket no. 4, filed January 6, 2010.